## Lamborn & Company, Inc., Appellee, v. John B. Livingston, Appellant.

### Gen. No. 31,576.

1. WAREHOUSES AND STORAGE—*goods as "non-existence" at time of issuance of warehouse receipt.* Goods which were physically in existence and in the custody of a warehouseman at the time of his issuance of a warehouse receipt, but which goods he cannot deliver to a bona fide holder of the receipt because the receipt was erroneously issued, were not non-existent so as to render the warehouseman liable, under section 20 of the Uniform Warehouse Receipts Act, Cahill's St. ch. 114, ¶ 255, to the holder of the receipt for "damages caused by the non-existence of the goods."

2. APPEAL AND ERROR—*matters considered on application for rehearing.* Counsel applying for a rehearing will not be permitted, after a decision of a case on appeal on the points they expressly relied on and argued, to reargue the case on other points which have been abandoned or clearly waived.

Appeal by defendant from the Circuit Court of Cook county; the Hon. WALTER BREMER, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1926. Reversed and remanded. Opinion filed October 4, 1927. Rehearing denied and additional opinion filed October 17, 1927.

SCOTT, BANCROFT, MARTIN & MACLEISH, for appellant; MORRIS L. JOHNSTON and ELBRIDGE BANCROFT PIERCE, of counsel.

FISHER, BOYDEN, KALES & BELL, for appellee; THOMAS H. FISHER, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This appeal is from a judgment entered on a verdict of guilty, and assessing plaintiff's damages at $5,792.14.

The declaration contains four counts, to which the plea of general issue was filed. To sustain the judgment plaintiff relied solely on the last count.

That count charges that defendant, a warehouseman, on or about May 21, 1923, issued to Deree & Company his negotiable warehouse receipt No. A304 for 600 bags of fine granulated sugar, to wit, lot 3023, from Lehigh Valley Car No. 87778, and thereafter said receipt was indorsed by Deree & Company, and negotiated for value to plaintiff, a purchaser in good faith, but that defendant, on or about April 8, 1924, informed plaintiff that he did not have possession, custody or control of said sugar, and by reason of its non-existence and by force of the statute (section 20 of the Uniform Warehouse Receipts Act) the defendant became liable, etc.

Said section provides: "A warehouseman shall be liable to the holder of a receipt for damages caused by the non-existence of the goods * * *." Cahill's St. ch. 114, ¶ 255.

The applicability of the section depends on whether under the evidence it can be said the goods were non-existent at the time of the issuance of the receipt.

The sugar was shipped in said Lehigh Valley car to Buffalo by the Franklin Sugar Refining Company to its own order, "Notify Deree & Co.," and transferred at Buffalo to the Great Lakes Transit Company for water transportation to Chicago. On receiving notification, Deree & Company gave permission to the Transit Company to have the goods stored with defendant, and they were stored for the account of "Franklin Sugar Refining Company, Notify Deree & Co.," defendant giving the Transit Company receipt for delivery.

The bill of lading had been originally forwarded to the Continental Commercial & National Bank of Chicago with draft attached, and by the bank presented to Deree & Company for acceptance and payment. Said company failed to pay the draft and accept the bill of lading. Both documents were then returned to the shipper, which returned the bill of lading to its

exclusive broker, Syme-Eagle Brokerage Company, of Chicago, duly indorsed for delivery to the broker, with instructions to deliver the bill of lading to defendant and obtain receipts covering the goods. · But defendant had already issued warehouse receipts covering the goods in question, including the receipt described above, and sought to recover them when receipts were demanded by the Syme-Eagle Company. Seven of the nine so issued were recovered and Deree, president of Deree & Company, professed to have no record or recollection of where the other two were, one of them being the receipt in question, which he had indorsed and pledged as security with plaintiff about June 21, 1923.

Prior to plaintiff's accepting the negotiable warehouse receipt as security as aforesaid, his employee telephoned to defendant's manager and was informed that the goods were there and that it would be necessary in order to get possession of them to present said receipt properly indorsed. On its representative calling at defendant's warehouse in May, 1924, to ascertain the condition of the sugar, plaintiff learned for the first time that the sugar had been delivered to Syme-Eagle Company, and defendant for the first time learned the whereabouts of said receipt, which previous inquiries had failed to disclose. Defendant then demanded the return of the receipt, which plaintiff refused to surrender, claiming that it was held as security for Deree & Company's indebtedness.

Under this state of facts it must be conceded that the sugar, for which said receipt was issued, was at the time of its issuance in the physical possession of defendant. That defendant erroneously issued such receipts does not alter the fact of the physical existence of the goods they purported to cover. It follows there could be no right of action under section 20 of the Act in regard to warehouse receipts, which manifestly con-

templates a state of facts where a warehouse receipt is issued for property that does not actually exist at the time of its issuance, a fraudulent act for which there would be civil liability to the holder under said section 20, and criminal liability under section 25 of the Act to Regulate Public Warehouses, etc. (Cahill's St. ch. 114, ¶ 225.) But the property here was in actual existence and in store when the receipts were issued.

The evidence was conflicting as to whether plaintiff was any longer entitled to hold the receipt in question as security after discovery of the error in issuing it, as to which fact the finding of the jury was evidently in its favor. But even if plaintiff was so entitled we think it has misconceived its remedy as against defendant, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Gridley and Wells, JJ., concur.

## On Petition for Rehearing.

Mr. Presiding Justice Barnes delivered the opinion of the court.

In applying for a rehearing in this case plaintiff's counsel have changed their position. In their brief they said: "The plaintiff relies *solely* upon the last count in the declaration" (which is the fourth count and is predicated on section 20 of the Uniform Warehouse Receipts Act, Cahill's St. ch. 114, ¶ 255) and then proceed to discuss every theory of the defense from that point of view. Taking counsel at their word, we considered the case solely from the point so relied on, regarding such statement as a clear waiver of the issues presented by the other counts. Notwithstanding that statement and their argument in conformity therewith, counsel in the petition for a rehearing attempt to qualify the statement, and reargue the case, not only on the right of action under said count but in the alternative, in case our decision is correct, on a right of

action under the third count which is predicated on section 11 of said Act, Cahill's St. ch. 114, ¶ 246.

In their brief and argument on which the case was taken, plaintiff's first point is that "this is not an action in trover for conversion but is an action for non-existence of the goods," referring to said section 20. On page 12 of their argument counsel for plaintiff admit that under the facts there is no ground for the common-law action of conversion (on which the first two counts are based), saying that "conversion of non-existing goods is an absurdity," and that the evidence "shows conclusively that there never were any goods behind the warehouse receipt issued to Deree & Company," but that they were the property of the shipper under the bill of lading it held when said receipt was issued.

Under the second point of their argument, that "plaintiff is entitled to sue without a formal demand," counsel again reiterated the position taken under their first point.

Under their third point that "defendant is bound either to deliver the goods * * * or pay damages for failure to do so," counsel take up appellant's references to sections 8, 9, 10 and 11, Cahill's St. ch. 114, ¶¶ 243–246 (on the last of which the third count was predicated), saying section 8 "has no application to the case of non-existence of the goods" (p. 20); that plaintiff is in accord with defendant's contention as to section 9 which shows "there were no goods behind the warehouse receipts" (p. 20); that counsel are "in complete agreement with the statement in defendant's brief" that section 10 "cannot be applied to the instant case" (p. 21); and that "the provisions of section 11 of the act referred by its own terms to the delivery by a warehouseman of 'all goods for which he has issued a negotiable receipt,' and it is apparent from what has already been said above that the defendant had not issued a negotiable receipt for any goods,

Indiana Harbor Belt R. Co. v. Lieberman, 245 Ill. App. 503.

*and that is the specific ground of complaint on behalf of the plaintiff''* (p. 22) ; and that plaintiff agrees with defendant that sections 12 and 19, Cahill's St. ch. 114, ¶¶ 247, 254, do not apply to the case, and counsel repeat their argument that there were "no goods behind the warehouse receipt."

It is thus clearly manifest that plaintiff abandoned every other claim to a right of action than that under the fourth count, to which alone appellant was invited and attempted to reply. And now we are asked to reopen the case on the theory that if there was no right of action under section 20 of said act there was under section 11. If such a practice were tolerated it would be well-nigh impossible for this court to dispose of the cases brought before it. Counsel should not, after a decision of a case on the points they expressly relied on and argued, be permitted to reargue the case on other points which have been abandoned or clearly waived.

Accordingly the petition for a rehearing must be denied.

*Rehearing denied.*

GRIDLEY and SCANLAN, JJ., concur.